UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| FREDERICK J. BOYKIN, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>HARRIS & HARRIS, LTD.,<br><br>   Defendant. | CIVIL COMPLAINT – CLASS ACTION<br><br>CASE NO. 4:20-cv-00441<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT – CLASS ACTION

NOW comes FREDERICK J. BOYKIN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of himself and all others similarly situated, complaining as to the conduct of HARRIS & HARRIS, LTD., ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself and numerous other individuals against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Collin County, Texas, which is located within the Eastern District of Texas.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant advertises it is a "firm of hundreds of collection professionals employing the latest technology[.]"[1] Defendant is headquartered at 111 West Jackson Boulevard, Suite 400, Chicago, Illinois.  Defendant engages in its debt collection activities in all states, including in the State of Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action stems from Defendant's attempts to collect upon a consumer debt ("subject debt") from Plaintiff.

10. Around October 2019, Plaintiff began receiving calls to his cellular phone, (972) XXX-8775, from Defendant.

---

[1] http://www.harriscollect.com/a-history-of-caring/

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8775. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has used several phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (312) 574-1821 and (312) 348-1540.

13. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

14. Upon answering calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before a live representative begins to speak.

15. Moreover, Defendant has also used pre-recorded messages when placing collection calls to Plaintiff's cellular phone.

16. Plaintiff has never had any business relationship with Defendant nor has he ever given it permission to call his cellular phone, so Plaintiff was confused as to why Defendant was contacting him.

17. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon a debt owed by an individual with whom Plaintiff was unfamiliar.

18. Given the nature of Defendant's status as a debt collector, it has contacted Plaintiff regarding collection of a consumer debt that was incurred for a personal, household purpose.

19. Accordingly, Plaintiff informed Defendant that it was calling the wrong party and demanded that Defendant cease contacting him.

20. Plaintiff even returned Defendant's calls to further reiterate that it was calling the wrong party and that he wanted the calls to stop.

21. Despite Plaintiff's demands and the information provided to Defendant, Plaintiff has still received systematic phone calls from Defendant up until the filing of this lawsuit.

22. Despite Defendant lacking permission to call Plaintiff's cellular phone, as well as being told that the individual it was contacting was unknown and to stop calling, Defendant still placed not less than 25 phone calls to Plaintiff's cellular phone.

23. Upon information and belief, Defendant's conduct directed towards Plaintiff is indicative of a pattern and practice wherein Defendant continues to call consumers attempting to collect upon debts after such consumers have requested that such calls stop.

24. All of Defendant's phone calls to Plaintiff's cellular phone number occurred within the four years preceding the date of the filing of the Complaint in this matter.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and others similarly situated against Defendant for its violations of the FDCPA and TCPA.

26. Plaintiff brings this action against Defendant, both on his own behalf and as a class action on behalf of the following class, hereinafter referred to as the "Wrong Party Collection Class":

> All persons residing in the State of Texas to whom Defendant placed collection calls to such persons' cellular phones when such persons were not Defendant's targeted debtor but continued to receive collection calls even after Defendant was informed that it was contacting the wrong party within four years preceding the filing of this complaint through the date of class certification.

27. Plaintiff brings this action against Defendant, both on his own behalf and as a class action on behalf of the following class, hereinafter referred to as the "Automatic Telephone Dialing System Class":

> All persons residing in the State of Texas to whom Defendant placed wrong party collection calls to such persons' cellular phones using an automatic telephone dialing system without prior express consent

4

and after such persons made a do not call request within four years preceding the filing of this complaint through the date of class certification.

28. Plaintiff brings this action against Defendant, both on his own behalf and as a class action on behalf of the following class, hereinafter referred to as the "Prerecorded Messages Class":

All persons residing in the State of Texas to whom Defendant placed wrong party collection calls to such persons' cellular phones using prerecorded messages without prior express consent and after such persons made a do not call request within four years preceding the filing of this complaint through the date of class certification.

29. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

30. Upon information and belief, each respective Class outlined above consists of hundreds or more persons throughout the State of Texas such that joinder of the respective Class members is impracticable.

31. There are questions of law and fact that are common to the respective Class members that relate to Defendant's violations of the FDCPA and TCPA, particularly because the questions of law and fact are based on a common course of conduct by Defendant as it relates to the respective Class members.

32. Plaintiff and the members of the respective Classes were harmed by the acts of Defendant in, inter alia, the following ways: Defendant illegally contacted Plaintiff and putative Class members via their cellular phones thereby causing Plaintiff and the respective Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and respective Class members.

33. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories and course of conduct, and Plaintiff has no interests that are antagonistic to the interests of the respective Class members.

34. Plaintiff is an adequate representative of the respective Classes and has retained competent legal counsel experienced in class actions and complex litigation.

35. The questions of law and fact common to the Wrong Party Collection Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the Wrong Party Collection Class include, but are not limited to: (i) whether Defendant violated the FDCPA when it knew or should have known that it was attempting to collect from consumers who were not Defendant's targeted debtors; (ii) whether Defendant's collection calls to Plaintiff and putative Class members were harassing; and (iii) the type and amount of relief to which the Plaintiff and Class members are entitled.

36. The questions of law and fact common to the Automatic Telephone Dialing System Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the Automatic Telephone Dialing System Class include, but are not limited to: (i) whether Defendant's phone system used to place the calls to Plaintiff and putative Class members were made with a system constituting an automatic telephone dialing system under the TCPA; (ii) whether Plaintiff and putative Class members provided prior express consent to receive phone calls from Defendant to their cellular phones which were made through an automatic dialing system; (iii) whether Defendant violated the TCPA by placing unconsented calls to Plaintiff's and

Class members' cellular phones utilizing an automatic telephone dialing system; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

37. The questions of law and fact common to the Prerecorded Messages Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the Prerecorded Messages Class include, but are not limited to: (i) whether Defendant placed calls to Plaintiff and putative Class members using prerecorded or artificial voice messages; (ii) whether Plaintiff and putative Class members provided prior express consent to receive phone calls from Defendant to their cellular phones which were made using prerecorded or artificial voice messages; (iii) whether Defendant violated the TCPA by placing unconsented calls to Plaintiff's and Class members' cellular phones utilizing prerecorded or artificial voice messages; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each respective Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE WRONG PARTY COLLECTION CLASS

39. Plaintiff repeats and realleges paragraphs 1 through 38 as though full set forth herein.

40. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

41. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

42. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

43. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

44. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

45. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor. Defendant called Plaintiff at least 25 times after he demanded that it stop and after becoming aware that Plaintiff was not the party it was seeking. This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

46. Defendant was notified by Plaintiff that its calls were not welcomed. Plaintiff went so far as to return several of Defendant's phone calls to reiterate his demand that the contacts cease, yet these demands went unacknowledged. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

47. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

48. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

49. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff at least 25 times in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment, even though the debt was not his. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when, not only did Defendant not have consent in the first place, but it was also subsequently told to stop calling.

### c. Violations of FDCPA § 1692f

50. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

51. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 25 times and asking to speak with an individual who was not Plaintiff. Defendant repeatedly asked to speak with an individual with whom Plaintiff is unfamiliar. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person and being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, FREDERICK J. BOYKIN, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;

c. Statutory damages under 15 U.S.C. § 1692k(a);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
PLAINTIFF INDIVIDUALLY AND ON BEHALF THE AUTOMATIC TELEPHONE DIALING SYSTEM AND PRERECORDED MESSAGES CLASSES

52. Plaintiff repeats and realleges paragraphs 1 through 51 as though fully set forth herein.

53. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or prerecorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

54. Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Additionally, Defendant's continued contacts after Plaintiff

demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS is being utilized.

55. Notwithstanding the aforementioned facts, Defendant has also used prerecorded messages when placing collection calls to Plaintiff's cellular phone.

56. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS and prerecorded messages without Plaintiff's consent. Plaintiff does not have any business relationship with Defendant nor has he ever given it permission to call his cellular phone. Defendant was contacting Plaintiff looking for a different individual who has no relation to Plaintiff. As such, Plaintiff could not have given Defendant consent to contact him, but yet, Plaintiff still continued to receive over 25 calls intended for this unknown individual.

57. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

58. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Calling an innocent individual over 25 times is willful and knowing behavior, especially since Plaintiff notified Defendant multiple times that he was not the person it was seeking to collect upon and to stop contacting him. Defendant was aware that it was contacting the wrong person but consciously chose to proceed in light of that knowledge in an effort to harass Plaintiff into submission. Defendant did not have a legal right to contact Plaintiff, but its conduct exemplifies that Defendant will attempt to extract payment out of innocent consumers.

WHEREFORE, Plaintiff, FREDERICK J. BOYKIN, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Certification of the respective Classes requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel for the respective Classes;

c. Awarding damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 27, 2020

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com